IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WATERLOO FURNITURE COMPONENTS, LTD. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 05 C 507<br>) |
| HAWORTH, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Waterloo Furniture Components, Ltd. ("Waterloo") alleges that defendant Haworth, Inc. ("Haworth") breached a contract entered into by the parties in 1992. Haworth moves for summary judgment. I grant that motion, for the reasons stated below. Waterloo's motions to strike, to refuse application for judgment, and to deem allegations admitted are denied.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Haworth owned U.S. Patent No. 4,616,798 ("'798 Patent"), which was for an adjustable support for a computer keyboard. In December 1992, Haworth and Waterloo entered into an agreement ("Contract") granting a licence to Waterloo for use of the '798 Patent. Under Section III of that contract, entitled "Grant and Term," the effective date of the contract was October 1, 1992. Under that same section, the parties stated that:

> This Agreement shall be effective only when executed by both parties and shall continue for the full term of said Licensed Patent, unless this Agreement is earlier terminated pursuant to the provisions hereof.

The '798 Patent expired on October 14, 2003. The contract also contained a "most favored nations" provision, which stated in relevant part:

> If, during the term of this Agreement, Haworth grants a license ... to a direct competitor of Waterloo at a more favorable royalty ... then such more favorable royalty will be automatically offered to Waterloo... The intent of Haworth and Waterloo is to provide that Waterloo is treated no less favorably than direct competitors of Waterloo in regard to licensing of the '798 Patent.

The Contract provided that it was entered into under Michigan law, and that Michigan law would control any dispute over the Contract.

In 1997, Haworth and a third party entered into litigation over the '798 Patent. The third party sought a declaratory judgment that its product did not infringe the '798 Patent; Haworth filed a counterclaim alleging that the third party had infringed the patent. In March 2004, Haworth and the third party entered into a settlement agreement ("Agreement"). Waterloo alleges that

2

the Agreement constitutes a licensing, triggering the terms of the "most favored nations" provision. Haworth argues that the Agreement does not constitute a license, and even if it did, that the "most favored nations" provision was not triggered because the Contract had expired.

The Contract expired on October 12, 2003, when the term of the '798 Patent expired. Section III of the Contract clearly states that the term of the Contract is "the full term of said Licensed Patent," barring earlier termination. Waterloo argues that despite this clear statement of the term of the Contract, the "most favored nations" provision continued to be in effect, as that provision did not itself state a defined term. However, the "most favored nations" provision of the Contract states that the obligation of Haworth to provide notice to Waterloo was triggered only if a license for the '798 Patent was granted to one of Waterloo's direct competitors "during the term of this Agreement," which, as stated above, expired when the '798 Patent expired.

Waterloo argues that the term provision in Section III does not apply to the "most favored nations" provision because the Contract elsewhere provides that Waterloo's obligation to pay royalties "shall cease as of the day the '798 Patent expires." Waterloo argues that this separate provision for a term (in Section V-6 of the Contract) proves that all obligations of the Contract were not intended to expire when the '798 Patent did so. *Assoc.*

3

*Truck Lines v. Baer*, 346 Mich. 106, 110 (Mich. 1956)("no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument."). Section V of the Contract deals with the royalties due under the Contract. In this context, the inclusion of the time provision in Section V-6 makes sense; the previous subsections deal with situations under which Waterloo's obligation to pay royalties might prematurely end (for example, if the '798 Patent were declared invalid). Section V-6 simply clarifies when the royalty payments were to end, since exceptions were being listed. It does not serve to extend the "most favored nations" provision, especially given the clear language in that provision limiting it to the duration of the Agreement, set out in Section III.

Waterloo finally argues for a tortured reading of the term "Agreement Year," defined in Section I-6 to have reference to a 12-month period. (Section I is comprised entirely of definitions for the Contract.) Waterloo argues that this definition means that the Contract extended until October 1, 2004, as the effective date for purposes of computing the "Agreement Year" was October 1, 1992, and the Contract proceeded in 12-month increments. However, the term "Agreement Year" does not appear in either Section III, which defines the term of the Contract, nor in Section VII, which defines the "most favored nations" provision. Instead, "Agreement Year" appears solely in the sections of the Contract defining royalty

4

payments, their computation, and the schedule for their payment. The term does not serve to extend the length of the Contract.

While a release for past infringement can, in some instances, constitute a license for the purpose of triggering "most favored nation" provisions, see *Shatterproof Glass Corp. v. Libbey-Owens-Ford Co.*, 482 F.2d 317, 320 (6th Cir. 1973)(citing *DeForest Radio Telephone Co. v. United States*, 273 U.S. 236 (1927)), the status of the Agreement as a license (or not) is irrelevant. The Agreement was not entered into until March 2004, and the Contract expired in October 2003. Waterloo's obligations under the "most favored nations" provision, even if they might have attached to the Agreement if it had been made prior to the Contract's expiration, had ended. Summary judgment is granted.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: December 6, 2005